UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER F. THOMAS,<br><br>　　　　　　Petitioner,<br><br>　　　vs.<br><br>UNKNOWN,<br><br>　　　　　　Respondent.<br>_____ | ) Case No.  CV 11-9509 JAK (MRW)<br>)<br>) ORDER DISMISSING ACTION<br>)<br>)<br>)<br>)<br>)<br>) |

The Court dismisses Petitioner's habeas action: (a) for failure to exhaust state court remedies; and (b) as untimely.

Petitioner filed this habeas action in November 2011.  According to the Petition and the First Amended Petition, Petitioner pled guilty to a drug charge in state court in June 1999.  He was sentenced to 180 days in county jail followed by three years probation.  Petitioner successfully completed his term of probation and, in September 2009, the conviction was expunged.  In late 2010, however, Petitioner was taken into federal custody in deportation proceedings.  Petitioner now attempts to challenge the 1999 conviction due to its apparent impact on his deportation case.

1    The Court screened the original petition shortly after filing.  The Court
2    determined that the petition was defective because Petitioner did not exhaust his
3    claims in state court by presenting his case to the California Supreme Court.
4    Additionally, the Court observed that the petition appeared to be obviously time-
5    barred on its face.  (Docket # 3.)  The Court ordered Petitioner to show cause why
6    the action should not be dismissed for failure to exhaust state remedies and as
7    untimely.

8        Petitioner recently filed an amended petition.  Petitioner acknowledges that
9    he did not appeal his original conviction or sentence in state court.  (Docket # 4
10   at 3.)  Also, while Petitioner explained that he sought habeas review in the state
11   superior court and court of appeal, he still has not sought habeas review in the state
12   supreme court.  (Id. at 4-5.)  Petitioner's amended petition offers no plausible
13   explanation as to why Petitioner believes his action is timely.[1]

14                                        * * *

15       A prisoner must exhaust all claims as a prerequisite to federal court
16   consideration of a state habeas corpus petition.  28 U.S.C. § 2254(b)(1)(A).  To do
17   so, a prisoner must fairly present those claims to the state's highest court.  Rose v.
18   Lundy, 455 U.S. 509 (1982).  A claim has not been fairly presented unless the
19   prisoner describes in the state court proceedings both the operative facts and
20   federal legal theory on which his claim is based.  Duncan v. Henry, 513 U.S. 364,
21   370 (1995).  Petitioner bears the burden of demonstrating this prerequisite has been
22   met.  Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972).

23
24
25
26
27       [1]      Because of the patent defects with the habeas petitions, the Court did
28   not order service of the pleadings on the state attorney general.

                                         2

In this case, the Court informed Petitioner that his federal habeas petition consisted of entirely unexhausted claims that were never presented to the California Supreme Court. Petitioner failed to meet his burden of showing that he exhausted his state court rights before he commenced this federal habeas action as required by statute. Petitioner's wholly unexhausted petition is therefore subject to dismissal.

Additionally, AEDPA imposes a one-year limitation period on state prisoners who seek federal habeas review of their claims. 28 U.S.C. § 2244(d)(1). The statute of limitations is triggered when state court appellate review becomes final, an unlawful state impediment to filing is removed, a new constitutional right is made retroactive, or the factual predicate of the claim(s) presented could have been discovered with "due diligence." 28 U.S.C. § 2244(d)(1)(A)-(D); Lee v. Lampert, 653 F.3d 929 (9th Cir. 2011).

In the present case, Petitioner did not file the instant petition until almost 11 years after his conviction and sentence became final. This is well after the one-year statute of limitations imposed by AEDPA. Even though the Court gave Petitioner the opportunity to amend his petition and set forth facts to explain the extraordinary delay, nothing in the amended petition is sufficient for the Court to find the pleading to be timely.[2]

---

[2]     The Court further observes that, because Petitioner is neither in prison nor on probation/parole for his decade-old conviction, Petitioner likely cannot meet the "in custody" requirement for relief under AEDPA. See 28 U.S.C. § 2241(c)(3); Hensley v. Municipal Court, 411 U.S. 345, 351 (1973) (federal court has habeas jurisdiction where person is "subject to restraints not shared by the public generally" due to pre- or post-trial court order).

3

1    The Court therefore orders that the case be DISMISSED without prejudice

2    for the reasons stated above.

3         IT IS SO ORDERED.

4

5    DATED: 12/19/2011

6    _____

7    JOHN A. KRONSTADT
     UNITED STATES DISTRICT JUDGE

8

9    Presented by:

10

11   _____

12   MICHAEL R. WILNER
     UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4